IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

JAMES LEE LISTER,

              Plaintiff,

     vs.                         **Case No. 11-1183-RDR**

FRANK GRIFFIN and
KIM HILLARD,

              Defendants.

_____

## <u>MEMORANDUM AND ORDER</u>

This is an employment discrimination action brought by the plaintiff, proceeding <u>pro se</u>, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e <u>et seq</u>. He contends that he was terminated and not promoted due to his race and religion. This matter is presently before the court upon the motion to dismiss filed by defendants Frank Griffin and Kim Hillard. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

I.

Plaintiff filed his complaint on July 14, 2011. He asserts in the complaint that he was hired in November 2009 to work at the Intrust Bank Arena. He alleges that the acts of discrimination occurred on November 10, 2010. A charge of discrimination was filed with the Equal Employment Opportunity Commission and he received a Notice of Right to Sue Letter, which was dated May 5, 2011. In his complaint, plaintiff named Frank Griffin and Kim

Hillard as the defendants.   Griffin is identified as the "operations director" and Hillard is identified as "human resources" personnel.

II.

In their motion, the defendants seek dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.   They contend that plaintiff has sued the wrong defendants because personal capacity actions against individual supervisors are not allowed under Title VII.   They further argue that, if dismissal is granted, plaintiff would not be able to refile his complaint against his former employer because the complaint would be time-barred.

In response, plaintiff asserted that he filed suit against the proper defendants because they were the ones that made the decision to fire him, and they were also responsible for hiring and promotion decisions.   He further noted that he can name his prior employer as the defendant, if allowed.

III.

In ruling on a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff.   See Zinermon v. Burch, 494 U.S. 113, 118 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984).   To survive a motion to dismiss under Rule 12(b)(6), a

2

complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 570 (2007); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).  The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [plaintiff 'has] not nudged [his] claims across the line from conceivable to plausible.'"  <u>Id</u>. (quoting <u>Twombly</u>, 550 U.S. at 570).  Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir. 2007).

Because plaintiff is proceeding <u>pro</u> <u>se</u>, the court construes his pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>McBride v. Deer</u>, 240 F.3d 1287, 1289 (10th Cir. 2001).  Liberal construction does not, however,

"'relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.'" <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotation omitted). The court need not accept as true those allegations that state only legal conclusions. <u>See</u> <u>id</u>.

IV.

The defendants are correct that the law is settled that Title VII may only be brought against the employer entity, and not individual supervisory defendants. <u>Butler v. City of Prairie Village</u>, 172 F.3d 736, 743 (10th Cir. 1999). Accordingly, the court must dismiss plaintiff's complaint against these defendants. However, given plaintiff's <u>pro</u> <u>se</u> status, the court shall give plaintiff fifteen (15) days from the date of this order to file an amended complaint in which he names his former employer as the defendant. If plaintiff files such a complaint, the defendant can at a later time raise its arguments about the timeliness of the plaintiff's amended complaint and whether it relates back to the original complaint pursuant to Fed.R.Civ.P. 15(c). If the plaintiff fails to file an amended complaint, the court will dismiss this action.

IT IS **THEREFORE ORDERED** that defendants' motion to dismiss (Doc. # 13) be hereby granted. Plaintiff's complaint against these defendants is hereby dismissed.

IT IS **FURTHER ORDERED** that plaintiff be allowed fifteen (15)

days from the date of this order to file an amended complaint that
names his employer as the defendant.

       **IT IS SO ORDERED.**

       Dated this 18th day of January, 2012 at Topeka, Kansas.

                     s/Richard D. Rogers
                     United States District Judge