IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

JAMES LEE LISTER,

           Plaintiff,

 vs.                               **Case No. 11-1183-RDR**

SMG MANAGEMENT,

           Defendant.

**MEMORANDUM AND ORDER**

This matter is presently before the court upon defendant SMG Management's motion to dismiss. SMG Management seeks dismissal because (1) plaintiff has failed to state a claim upon which relief can be granted; and (2) plaintiff's claims are time-barred. Plaintiff, who is proceeding pro se and in forma pauperis, has failed to file a timely response to SMG Management's motion. Having carefully reviewed the motion, the court is now prepared to rule.

I.

Plaintiff asserts Title VII claims against SMG Management. He claims that he was not promoted during his employment with SMG Management and then fired from his employment due to his race, African-American, and his religion, Islamic. Plaintiff filed this action on July 14, 2011. In his original complaint, plaintiff named Frank Griffin and Kim Hillard as defendants. These defendants then filed a motion to dismiss, contending that

plaintiff had sued the wrong defendants because personal capacity actions against individual supervisors are not allowed under Title VII. The court agreed in an order of January 12, 2012. The court, however, allowed plaintiff fifteen days to name his employer as the defendant. Plaintiff subsequently filed an amended complaint on February 7, 2012 naming SMG Management as the defendant. SMG Management was ultimately served on March 8, 2012. SMG Management filed the instant motion on April 9, 2012.

## II.

In its motion, SMG Management contends that plaintiff has failed to state a claim against it for discrimination in violation of Title VII based upon race or religion. SMG Management suggests that facts set forth in the complaint fail to adequately state a claim for race and religion discrimination. SMG Management argues that plaintiff has not set forth sufficient facts within the complaint to state a claim to relief that is plausible on its face.

SMG Management also contends that plaintiff's claims against it are time-barred. SMG Management points out the plaintiff filed his amended complaint after the expiration of the ninety-day period following his receipt of a right-to-sue letter.

## III.

In ruling on defendant's motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court assumes as true all well-pleaded factual allegations and determines whether

they plausibly give rise to an entitlement of relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible-—and not merely conceivable-—on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether a complaint states a plausible claim for relief, the court draws on its judicial experience and common sense.  Iqbal, 556 U.S. at 679.

The court need not accept as true those allegations which state only legal conclusions.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Plaintiff bears the burden to frame his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by mere conclusory statements.  Iqbal, 556 U.S. at 679.  Plaintiff makes a facially plausible claim when he pleads factual content from which the court can reasonably infer that defendant is liable for the misconduct alleged.  Id.  Plaintiff must show more than a sheer possibility that defendant has acted unlawfully-—it is not enough to plead facts that are "merely consistent with" defendant's liability.  Id. at 678 (quoting Twombly, 550 U.S. at 557).  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand.  Id.  Similarly, where the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–-but not "shown"-—that the pleader is entitled to relief.  Id.  Finally, the degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Fed.R.Civ.P. 8(a)(2) depends upon the type of case.  Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232–33 (3rd Cir. 2008)).

The court construes plaintiff's pro se complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers.  See Hall, 935 F.2d at 1110.  The court, however, does not assume the role of advocate for a pro se litigant.  See id.

Recently, in Khalik v. United Airlines, 671 F.3d 1188, 1190 (10th Cir. 2012), the Tenth Circuit clarified the pleading requirements for a discrimination action.  The court explained that "while Plaintiff is not required to set forth a prima facie case for each element [of discrimination], [he] is required to set forth plausible claims."  671 F.3d at 1193.  "While specific facts are not necessary, some facts are."  Id. (internal citations omitted). "[A] plaintiff should have at least some relevant information to make the claims plausible on their face."  Id.

IV.

In a form complaint supplied by the court, plaintiff indicated that he was proceeding under Title VII.  He further alleged that he

was discriminated because of his race and his religion. In the portion of the complaint asking him to "[d]escribe specifically the conduct [he] believe[s] is discriminatory," he wrote the following:

> Around 11-2009 I was hired at the intrust bank arena by former operations manager Shawn McGregor a White male. On 12-7-2009 myself and 3 other part-time operations was given orientation by human resources Kim Hillard a White female, and we was told they promote from within. Twice a full time position came open myself, a blk male was denied promotion to full time by operations director Frank Griffin and human resources Kim Hillard. I was well qualified for the position as was Rick Ross a blk male. Both times position was given to two white males. I was also fired unlawfully. I feel cause of my Race and denied promotion by Race.

The court is in agreement with some of SMG Management's contentions. Even viewing the complaint liberally, the court finds that plaintiff has failed to adequately state any claims based upon religious discrimination. Plaintiff's complaint contains no mention of any basis for these claims. The court also finds that plaintiff has failed to state a claim that his termination was based upon race discrimination. The complaint contains only conclusory allegations of discrimination. The complaint contains no facts to support this claim. The court, however, is persuaded that plaintiff has sufficiently alleged claims of race discrimination in the denial of promotions. He has alleged that he was qualified for the positions and that they were given to whites. Such allegations, particularly when the court considers that plaintiff is proceeding pro se, are adequate to avoid a motion to dismiss under Rule 12(b)(6).

5

V.

The court shall now turn to the defendant's arguments that plaintiff's claims are time-barred. SMG Management contends that this action is time-barred because plaintiff failed to bring the claims against it within 90 days of his receipt of a right-to-sue letter as required by Title VII.

A plaintiff must initiate litigation on a Title VII claim within ninety days from the date he receives a "right-to-sue" letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1) (providing filing deadlines for Title VII claims). This timing requirement is a prerequisite to a civil suit. Croy v. Cobe Labs., Inc., 345 F.3d 1199, 1202 (10th Cir. 2003).

The court is compelled to grant the defendant's argument. Based upon the present record, SMG Management is entitled to dismissal. The record shows that plaintiff failed to bring suit against SMG Management within 90 days of the receipt of the right-to-sue letter. In reaching this conclusion, the court notes that plaintiff has failed to respond to SMG Management's motion. Plaintiff understands the need to respond to motions to dismiss because he has done so in the past. See Doc. # 15. Plaintiff may have had grounds to avoid dismissal by arguing that his amended complaint related back to the filing of his original complaint. See Fed.R.Civ.P. 15(c)(1)(C) (amendment that changes party relates back if the new party (i) received such notice of the action that

it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity).  Plaintiff, however, has waived this argument by failing to respond to the defendant's motion.  Plaintiff has the burden of demonstrating that the requirements of Rule 15(c)(1)(C) are satisfied.  See Green v. Union Foundry Co., 281 F.3d 1229, 1233 (11th Cir. 2002) ("Once the defendant contests this issue the plaintiff has the burden of establishing that he met the ninety day filing requirement."); Al-Dahir v. FBI, 454 Fed.Appx. 238, 242 (5th Cir. 2011) ("Plaintiffs have the burden to demonstrate that an amended complaint relates back under Rule 15(c)."). Since plaintiff failed to respond to the defendant's motion to dismiss, he has not done so.  Accordingly, the court must grant SMG Management's motion to dismiss.

**IT IS THEREFORE ORDERED** that defendant SMG Management's motion to dismiss (Doc. # 29) be hereby granted.  Plaintiff's complaint against SMG Management is hereby dismissed as time-barred.

**IT IS SO ORDERED.**

Dated this 20th day of July, 2012 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge